IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| RON STRUSKA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| JOSEPH JAKUBICZ, Individually and on Behalf of All Others Similarly Situated, | ) ) ) Civil Action No. _____ |
| Plaintiffs, | ) ) |
| v. | ) ) |
| FAZOLI'S RESTAURANT GROUP, INC., a Delaware Corporation; FAZOLI'S GROUP, INC., a Delaware Corporation; FAZOLI'S RESTAURANTS, LLC, a Delaware Limited Liability Company; FAZOLI'S SYSTEM MANAGEMENT, LLC, a Delaware Limited Liability Company; Serve all of the above at:     C T Corporation System     306 W. Main St.     Suite 512     Frankfort, KY  40601 and FAZOLI'S JOINT VENTURE, LTD, a Kentucky Limited Partnership; Serve at:     M. Elizabeth Moore     2470 Palumbo Drive     Lexington, KY 40509 .                   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT – COLLECTIVE ACTION

Plaintiffs Ron Struska and Joseph Jakubicz, individually and on behalf of all others similarly situated, allege for their Complaint against Fazoli's Restaurant Group, Inc.; Fazoli's Group, Inc.; Fazoli's Restaurants, LLC; Fazoli's System Management, LLC; and Fazoli's Joint Venture, Ltd. (collectively "Fazoli's" or "Defendants"):

## INTRODUCTION

1. Fazoli's owns approximately 125 Italian, quick-service restaurants located both within and outside this district, and Fazoli's applies uniform staffing policies, procedures, guidelines, and restrictions at each restaurant.[1]

2. In violation of the Fair Labor Standards Act ("FLSA"), Fazoli's uniformly misclassifies its General Managers and Assistant General Managers as "exempt" and fails to pay them overtime compensation despite requiring them consistently to work in excess of 40 hours per week. Despite what their titles may imply, the General Manager and Assistant General Manager at each company-owned Fazoli's restaurant spend very little time performing managerial or executive duties compared to the substantial time they are required to spend doing non-exempt duties, such as preparing food, cleaning the premises, and working the cash register. Fazoli's demands strict adherence to specific staffing and scheduling limitations that force salaried General Managers and Assistant General Managers to perform vast amounts of non-exempt work that must be done but that Fazoli's refuses to pay hourly employees to do. Further, Fazoli's insists that salaried General Managers and Assistant General Managers work "off the clock" for all hours worked in excess of the company-required 45 hours per week. As a result, the primary duty of Fazoli's General Managers and Assistant General Managers is not management of the enterprise or the performance of exempt work, but rather it is the performance of nonexempt work.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

---

[1] There are also approximately 123 Fazoli's restaurants under different ownership, which are operated under franchise agreements. This lawsuit does not purport to extend to employees of the franchised Fazoli's restaurants.

2

## PARTIES

6. Plaintiff Ronald Struska is a Wisconsin citizen residing in Janesville, Rock County, Wisconsin. Struska was employed by Fazoli's as a General Manager at one or more company-owned restaurants within the three-year period immediately preceding the filing of this Complaint. His consent to be a plaintiff in this action is attached as Exhibit A.

7. Plaintiff Joseph Jakubicz is a Wisconsin citizen residing in Fond du lac, Fond du lac County, Wisconsin. Jakubicz was employed by Fazoli's as an Assistant General Manager at one or more company-owned restaurants within the three-year period immediately preceding the filing of this Complaint. His consent to be a plaintiff in this action is attached as Exhibit B.

8. Defendant Fazoli's Restaurant Group, Inc. is a Delaware corporation with its principal place of business in Lexington, Fayette-Lexington County, Kentucky, and may be served with process through its registered agent, C T Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601.

9. Defendant Fazoli's Group, Inc. is a Delaware corporation with its principal place of business in Lexington, Fayette-Lexington County, Kentucky, and may be served with process through its registered agent, C T Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601.

10. Defendant Fazoli's Restaurants, LLC, is a Delaware limited liability company with its principal place of business in Lexington, Fayette-Lexington County, Kentucky, and may be served with process through its registered agent, C T Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601.

11. Defendant Fazoli's System Management, LLC, is a Delaware limited liability company with its principal place of business in Lexington, Fayette-Lexington County, Kentucky,

and may be served with process through its registered agent, C T Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601.

12. Defendant Fazoli's Joint Venture, Ltd., is a Kentucky limited partnership with its principal place of business in Lexington, Fayette-Lexington County, Kentucky, and may be served with process through its registered agent, M. Elizabeth Moore, 2470 Palumbo Drive, Lexington, KY 40509.

13. Defendants Fazoli's Restaurant Group, Inc., Fazoli's Group, Inc., Fazoli's Restaurant, LLC, Fazoli's System Management, LLC, and Fazoli's Joint Venture, Ltd. (collectively "Fazoli's") are, or were, the employers of Representative Plaintiffs and the collective or class of individuals on of employees they represent.

14. Defendants have transacted business in the Eastern District of Kentucky during times relevant to this action.

## GENERAL ALLEGATIONS

15. One or more of the Defendants, individually or jointly, are employers engaged in commerce within the meaning of the FLSA, with gross volume of sales exceeding $500,000 per year exclusive of excise taxes.

16. One ore more of the Defendants, individually or jointly, were the employers of Plaintiffs and all other similarly situated General Managers and Assistant General Managers at company-owned Fazoli's restaurants.

17. One or more of the Defendants, individually or jointly, controls the means and methods by which their respective employees, including General Managers and Assistant General Managers, are paid.

18. One or more of the Defendants, individually or jointly, maintains a uniform and systematic policy which classified salaried General Managers and salaried Assistant General

4

Managers at each company-owned restaurant as "exempt" from overtime compensation under the FLSA.

19. Fazoli's expects and requires its General Managers and Assistant General Managers at company-owned restaurants to work a minimum of 45 hours per week.

20. Plaintiffs, and other similarly situated General Managers and Assistant General Managers at company-owned Fazoli's restaurants, consistently worked well in excess of 45 hours per week during the three years immediately preceding the filing of this Complaint.

21. Fazoli's routinely instructed salaried General Managers and Assistant General Managers at company-owned restaurants not to "punch in" or otherwise record their actual hours worked in excess of 45 hours per week.

22. Fazoli's consistently and uniformly failed to pay Plaintiffs, and other similarly situated General Managers and Assistant General Managers at company-owned restaurants, at one and one-half their regular rate of pay for hours worked in excess of forty hours in a workweek.

23. Fazoli's uniformly misclassified Plaintiffs and all other similarly situated General Managers and Assistant General Managers as exempt because their primary duty was and is not managerial or executive in nature, as evidenced by, among other things:

> (a) Fazoli's maintains uniform policies regarding what duties are to be performed each day, at which times of day, at each restaurant;
>
> (b) Fazoli's establishes a uniform, company-wide standard for how many hours of each kind of labor may be scheduled each day, and at certain times of each day;
>
> (c) Fazoli's removes managerial discretion from its General Managers and Assistant General Managers regarding staffing and scheduling by requiring daily

and weekly staffing schedules to be reviewed and approved for compliance with company standards by an Area Supervisor;

(d) Fazoli's fails to allocate sufficiently hourly, non-exempt labor hours to avoid forcing salaried General Managers or Assistant General Managers to work a substantial number of hours each week in excess of 40 hours simply completing all of the non-exempt duties (such as food preparation, cleaning, and serving customers) that Fazoli's requires to be done;

(e) Fazoli's has hourly, non-exempt "managers" who have virtually all of the same powers, duties, and authority of the General Manager and Assistant General Manager; and

(f) Fazoli's General Managers and Assistant General Managers perform non-exempt duties for a much larger share of their work time than they perform managerial, executive, or exempt duties.

24. Defendants know and have reason to know that Fazoli's has misclassified General Managers and Assistant General Managers as exempt employees under the FLSA.

25. Defendants know and have reason to know that its General Managers and Assistant General Managers are working far in excess of 40 hours per week.

26. Defendants' violations of the FLSA as set forth in this Complaint are willful.

27. Moreover, Defendants have not acted in good faith or with a reasonable belief that the FLSA was not applicable or not violated.

**COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiffs bring Count I (the FLSA claim) as an "opt-in" collective action for General Managers and Assistant General Managers employed by Fazoli's at all company-owned stores in the United States, pursuant to 29 U.S.C. § 216(b).

29. The FLSA claim is appropriate for certification as a collective action by all General Managers and Assistant General Managers who opt-in to this case, because the Class Members are sufficiently and substantially similar to Plaintiffs in terms of the manner in which they are classified and paid by Fazoli's, and in terms of the relevant conditions of their employment.

30. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Fazoli's, and potential class members and opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

31. Plaintiffs have performed the same or similar work on behalf of Fazoli's as all other class members and potential opt-in plaintiffs.

32. Plaintiffs and all other class members and potential opt-in plaintiffs have been subject to, and affected by, the same uniform policies for compensation and staffing applied by Fazoli's to all company-owned restaurants.

33. Fazoli's failure to pay overtime compensation, and failure to pay Plaintiffs for all hours worked at the rates required by the FLSA results from a single decision, policy or plan and does not depend on the personal and individual circumstances of each class member or potential opt-in plaintiff.

34. Although the among of damages may be individual in character for each opt-in plaintiff, there is a common nucleus of liability facts that applies consistently to all potential class members and opt-in plaintiffs, and therefore a collective action is the most efficient means for these issues to be resolved for both the plaintiffs and defendants.

**COUNT I**

35. Plaintiffs re-allege and incorporate by reference their allegations in paragraphs 1 through 34 as set forth above.

36. One or more Defendants, individually or jointly, violated 29 U.S.C. § 207(a) by misclassifying as exempt and by failing to pay Plaintiffs and all other similarly situated class members or potential opt-in plaintiffs (General Managers and Assistant General Managers at company-owned restaurants) that they employed at one and one-half times their regular rate of pay for all hours worked in excess of forty hours during a workweek.

37. One or more Defendants further violated the FLSA by instructing Plaintiffs and other similarly situated class members and potential opt-in plaintiffs not to "punch in" or otherwise record their hours worked in excess of 45 hours in a given week.

38. Plaintiffs and class members or potential opt-in plaintiffs have been damaged by these violations of the FLSA.

39. Defendants' violations of the FLSA have been repeated, willful, and intentional.

40. Defendants have not acted in good faith nor with reasonable grounds to believe that their actions or omissions were not in violation of the FLSA.

41. Plaintiffs and all other class members or opt-in plaintiffs are entitled to damages equal to the mandated overtime premium pay for the three years preceding the filing of this Complaint, plus periods of equitable tolling.

42. Plaintiffs and all other class members or opt-in plaintiffs are further entitled to liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Fazoli's did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

43. Defendants are liable to Plaintiffs and all similarly situated class members or opt-in plaintiffs for the full amount of all of their unpaid overtime compensation, together with an

additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and in favor of all similarly situated class members or opt-in plaintiffs, awarding:

1. An order certifying that Count I of the action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b);

2. Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, among other things, the unpaid balance of compensation owed by Fazoli's;

3. Reasonable attorney's fees and costs as permitted by the FLSA;

4. Pre-judgment and post-judgment interests at the highest rates allowed by law; and

5. Such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

 /s/Michael W. Troutman
Michael Troutman (KY Bar No. 71745)
TROUTMAN & HAYS, PLLC
4740 Firebrook Blvd.
Lexington, KY  40513
Tel:  859-253-0991
Fax:  888-877-1147
Email: *mtroutman@troutmanhays.com*

Eric D. Barton*
WAGSTAFF & CARTMELL, LLP
4740 Grand Ave., Ste. 300
Kansas City, MO  64112
Tel:  816-701-1100
Fax:  816-531-2372
Email:  ebarton@wagstaffcartmell.com
(*Pro Hac Vice Application Pending)

ATTORNEYS FOR PLAINTIFFS